FISCHER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. APPEAL—DEFAULT JUDGMENT—NEW TRIAL.
    Code Civ. Proc. § 3064, providing, if appeal is taken by defendant, who failed to appear before the justice, and he shows, by affidavit or otherwise, that manifest injustice has been done, and renders a satisfactory excuse for his default, a new trial may be ordered, does not apply where defendant was in the trial court when the case was called, took part all through the trial, and cross-examined plaintiff's witnesses.

2. JURY—EXAMINATION.
    Defendant is not deprived of an opportunity to examine the jury, he having one attorney in court, merely because the court will not wait for his associate counsel.

3. CHANGE OF VENUE—TIME FOR DEMANDING TRANSFER.
   Under the Municipal Court act (Laws 1902, p. 1497, c. 580, § 25, subd. 4), providing, if the district in which the action is brought is not the proper one, the action may be tried there, unless it is transferred on demand of defendant made on or before joinder of issue, in writing, or in open court, such demand before joinder of issue is essential to right of transfer.

4. SAME—PROVISION OF DEMAND.
   Under the Municipal Court act (Laws 1902, p. 1497, c. 580, § 25, subd. 4), providing for trial in the district in which an action is brought, though it is not the proper one, unless defendant transfer, specifying the district to which he requires the action to be transferred, a demand for transfer "to some other district," is insufficient.

5. APPEAL—REVIEW.
   An affidavit that demand for transfer of place of trial was made at a certain time will not prevail on appeal, there being nothing in the record to show such a demand, and the trial judge having decided that it was not made.

Appeal from Municipal Court, Borough of Manhattan.

Action by Louis Fischer against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

George D. Yeomans, for appellant.
Steiner & Petersen, for respondent.

FREEDMAN, P. J. This was an action to recover damages for personal injuries. The facts are not disputed, and the only material questions raised upon the appeal are: First, that the court refused to allow the defendant to examine the jury; and, second, that the court had no jurisdiction to try the case, it appearing upon the trial that neither plaintiff nor defendant were residents of the district in which the trial was had.

Several affidavits have been handed up with the return in this appeal, and it is claimed that this court can consider them, and our attention has been called to section 3064 of the Code of Civil Procedure as containing authority for such practice. Assuming, but not deciding, that section 3064 can be deemed a part of the new Municipal Court act, Laws 1902, p. 1496, c. 580, under provision of section 20 of said act, the defendant is in no position to invoke it, as that section applies only to cases where the defendant has failed to appear before the court below, and shows a satisfactory excuse for his default, and that manifest injustice has been done. The defendant was in court when the case was called, and took part all through the trial, cross-examining every witness present on the part of the plaintiff; and upon what theory of the law the defendant now calls the trial so had an "inquest," and seeks by affidavits to contradict or vary the record therein, it is impossible to conceive.

Equally without merit is the claim that the defendant had no opportunity to examine the jury impaneled to try the case. The defendant appeared in court by an attorney, and at his request the case was held until all the other cases on the calendar had been called. When it was

again called the defendant's attorney asked the court to wait until another one of the defendant's attorneys, who it appears was expected soon, should come. The court said, "A jury is here, and will be impaneled, but the case might not be called for 10 minutes." The defendant's counsel then asked the court to take the inquests first, which was done, and the case again called. The jury were requested to take their seats, and the court asked the attorneys for the respective parties if the jury was satisfactory. Defendant's counsel again asked for delay until his associate counsel could get there. This was refused. Defendant's counsel stood by while the plaintiff's counsel examined the jury, and after such examination was closed again asked the court to wait until the other attorney appeared. This request was again refused, and the jury was sworn. The record does not disclose any reason why the attorney for the defendant did not make any examination of the jury he desired, or avail himself of his preliminary challenges. It is not claimed that the attorney then present was not equally competent to proceed with the case as the expected attorney, and it does not appear that either attorney ever asked the court to excuse any juror, or asked leave to challenge any juror, either for cause or peremptorily. There is nothing in the record to show that the jury was not a wholly fair and impartial one, or that the defendant was prejudiced in any way by the refusal of the court to allow the first attorney to examine them after they had been sworn, when he had full opportunity to do so before that time, nor in the court's refusal to allow the associate attorney to examine the jury upon his request after his appearance before the court during the progress of the trial. Upon the question of jurisdiction of the court to try the case, neither of the parties being residents of the Second district, subdivision 4 of section 25, p. 1497, of the new Municipal Court act provides:

"If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before joinder of issue in writing or in open court."

As it frequently occurs in the Municipal Court that issue is joined in open court, not in writing or by written pleadings, the proper construction of that section is that the defendant must demand that the change of the place of trial be made upon or before joinder of issue in writing, or upon or before joinder of issue in open court. There is no evidence in the record that any such demand was made at or before the time issue was joined in this case. During the trial, when the plaintiff testified as to her residence, the defendant's counsel then asked to have the case transferred to another district, as her testimony showed that she was not a resident of the district when the case was being tried, and in his motion stated that he had made such a demand upon the return day of the summons, and also stated that he had handed up an affidavit (which affidavit is attached to the record) setting forth that the parties were not residents of the district in which the action was brought. The court stated that such affidavit was not handed up until after three adjournments had been had, and refused to transfer the action, on the ground that the motion to transfer had been made too late. The affidavit handed up and at-

tached to the record is sworn to January 27, 1903, and issue was joined January 6, 1903, by verified pleadings. The affiant swears "that on the return day of the summons, before issue was joined, a motion was made to dismiss the complaint or transfer the case to some other district upon the ground that neither party to the action live in the Second district." Assuming such a demand as stated to have been made, it was insufficient, as it did not comply with subdivision 4 of section 25, p. 1497, of the Municipal Court act, supra, as it did not "specify the district to which the defendant requests the action to be transferred." Moreover, in the absence of anything in the record going to show that such demand, at or before issue was joined, was made, and the trial judge having decided that no such demand was made at the time before stated, the affidavit should not prevail. The section referred to providing that the court should make an order transferring the action to the proper district upon an application for a change of the place of trial, it would be better practice, in the event of a refusal by a trial judge to transfer a cause in a proper case, to take and enter an order denying defendant's motion, and then bring up the order for review upon an appeal from the judgment. The judgment in this action should be affirmed.

Judgment affirmed, with costs. All concur.